El Juez Asociado Sr. De Jesús no intervino.

JESÚS DELGADO GARCÍA, peticionario, *v.* CORTE DE DISTRITO DE BAYAMÓN, HON. EMILIO S. BELAVAL, JUEZ, demandada.

Núm. 1507.—*Sometido:* Marzo 1, 1943. *Resuelto:* Marzo 17, 1943.

*R. Díaz Collazo*, abogado del peticionario; *R. A. Gómez, Fiscal del Tribunal Supremo* y *Luis Negrón Fernández, Fiscal Auxiliar*, abogados de la demandada.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

A requerimiento del peticionario, expedimos en este caso un auto preliminar de *certiorari,* con el fin de determinar si la corte de distrito había abusado de su discreción al negarse a concederle al acusado en una causa criminal una prórroga

para preparar y radicar la transcripción de evidencia a ser usada en apelación ante este Tribunal de la sentencia de la corte de distrito.

El 14 de enero de 1941 el Fiscal radicó una acusación contra el peticionario por asesinato, cometido según se alegaba el 18 de noviembre de 1940. Durante los siguientes cinco meses el peticionario radicó tres mociones y una excepción perentoria, todas las cuales fueron declaradas sin lugar por la corte de distrito. El 23 de junio de 1941 el peticionario solicitó y obtuvo una posposición del juicio por el fundamento de que su testigo principal no podía asistir al mismo, habiéndose señalado el juicio del caso para el 29 de julio de 1941. El 23 de julio de 1941 el peticionario solicitó otra posposición del juicio porque su abogado se encontraba en los Estados Unidos continentales. Se accedió a la misma y el caso se señaló de nuevo para juicio para el 18 de noviembre de 1941. En dicha fecha el peticionario fué juzgado. Un jurado lo encontró culpable de homicidio voluntario.

El 24 de noviembre de 1941 el peticionario solicitó que se pospusiera la lectura de la sentencia debido a que se proponía radicar una moción de nuevo juicio. La corte inferior le concedió 20 días para este fin, y ordenó al taquígrafo de la corte que transcribiera la evidencia que serviría de base a la referida moción. Una segunda prórroga, a expirar el 15 de enero de 1942, le fué concedida al peticionario para el mismo fin. El 13 de enero de 1942 el peticionario solicitó una tercera prórroga para este propósito. Ésta le fué denegada y la corte inferior señaló el 2 de febrero de 1942 para dictar sentencia. La corte en dicho día sentenció al peticionario a tres años de presidio y, encontrándolo culpable de portar armas ilegalmente, lo sentenció por ello a un mes cárcel. El mismo día el peticionario apeló de ambas sentencias para ante esta Corte.

El 9 de febrero de 1942 el peticionario solicitó y obtuvo una orden dirigida al taquígrafo para que transcribiera la evidencia aducida en el juicio a los fines de la apelación.

Posteriormente la corte de distrito concedió al peticionario *once* prórrogas para radicar la transcripción de la evidencia, la última de las cuales se concedió el 28 de diciembre a expirar el 30 de enero de 1943. Para dicha fecha había transcurrido un año desde que se radicó el escrito de apelación.

Estando el caso en este estado, el taquígrafo, el 18 de enero de 1943, radicó una moción que lee en parte como sigue:

". . . el infrascrito siempre se ha hallado dispuesto a preparar esta transcripción dentro de los términos concedídosle y siendo la razón por la cual no la ha hecho hasta ahora la de que el acusado-apelante tan sólo le ha satisfecho, a cuenta de sus honorarios, que ascienden a la suma de cien (100) dólares, la cantidad de diez (10) dólares."

Entonces la corte de distrito dictó una resolución el 20 de enero ordenando al peticionario a consignar dentro de cinco días la cantidad de $90 que todavía se le adeudaba al taquígrafo, y concedió una última prórroga de veinte días para radicar la transcripción de evidencia. Sin embargo, el día siguiente, 21 de enero, el peticionario radicó una moción alegando que él no podía recaudar $90 en tan corto término y solicitando una prórroga hasta el 28 de febrero para consignar esa suma en corte. El 25 de enero la corte de distrito, al resolver esta moción, concedió otra prórroga hasta el 10 de febrero para consignar los $90. En 2 de febrero compareció el peticionario con aún otra moción, solicitando otra prórroga de 30 días dentro de la cual radicar la transcripción, alegando que había llegado a un acuerdo con el taquígrafo por el cual éste prepararía la transcripción por $75, de los cuales había recibido ya $25, pero que al peticionario le era imposible obtener los $50 restantes dentro del período concedido por la corte.

En una extensa resolución en la cual los hechos antes indicados se exponen en detalle, la corte de distrito, el 15 de febrero de 1943, declaró sin lugar esta última moción de prórroga. Es esta resolución del 15 de febrero la que es objeto

de la presente revisión. El peticionario se queja de que la misma "arbitraria, irrazonable e injustamente cancela" su derecho de apelación, el cual, según él, ha venido perfeccionando diligentemente.

No podemos convenir con el peticionario de que él ha sido diligente en la prosecución de su apelación. El récord refleja diligencia de su parte. Pero esta diligencia ha sido encauzada casi enteramente hacia la posposición en vez de hacia la celebración del juicio y la prosecución de su apelación. En verdad, aparte de las muchas prórrogas, la mayoría de las cuales nos parecen enteramente innecesarias, el peticionario no hizo gestión alguna para cumplir con las Reglas 31-3 de las Reglas de las Cortes de Distrito de Puerto Rico (Edición revisada, 1941) que le exigen que consigne los honorarios del taquígrafo dentro de 20 días a partir de su solicitud para que se transcriba la evidencia. No obstante esta disposición, el peticionario obtuvo 13 prórrogas, que alcanzan a más de un año, para radicar una transcripción que aparentemente fué retardada, por lo menos últimamente, debido a no haber depositado el peticionario el dinero para su pago. Aparte de una alegación de insolvencia, que le diera derecho a litigar *in forma pauperis,* la cual nunca hizo, poco favorece al peticionario alegar tan tardíamente que no puede reunir los honorarios de $50, después de habérsele concedido con este fin repetidas prórrogas.

Lejos de abusar de su discreción, el juez de distrito actuó sabiamente al poner coto a una situación intolerable. A este respecto, creemos apropiado decir que nuestro firme criterio es que la prosecución de apelaciones criminales a esta Corte en muchos casos es dilatada indebidamente. Las partes y las cortes inferiores deben cooperar para obtener la pronta resolución de casos criminales, incluyendo la prosecución y decisión de las apelaciones en ellos envueltas. Tales casos tienen preferencia en el trabajo del abogado, y deben ser los primeros en el calendario de las cortes, a fin

de que la sentencia final para castigar a los culpables y para vindicar al inocente se dicte lo más rápidamente posible. Aquellos que son responsables de la efectiva administración de la justicia en esta comunidad debieran seguir el ejemplo del juez de distrito en este caso.

El auto de *certiorari* será anulado.

El Juez Asociado Sr. De Jesús no intervino.