*In re* Sixto Pabón García.

Número: O-85-31        Resuelto: 24 de abril de 1987

*Rafael Ortiz Carrión, Procurador General, Ricardo E. Alegría Pons, Procurador General Auxiliar*, abogados del querellante;

*R. Elfren Bernier,* de *Bernier & Cuevas Segarra,* abogado del querellado.

PER CURIAM: El 12 de abril de 1984 le dimos instrucciones al Procurador General para que investigara cómo advinieron y cómo cesaron de su representación legal los Lics. Sixto Pabón García y Ramiro Rodríguez en el caso de *Evangelio Reyes* v. *Simona González* (Civil Núm. CS-82-2041). Posterior al examen de su informe le instruimos que presentara la querella e incluyera los cargos correspondientes contra el licenciado Pabón García. El Procurador presentó ante este Tribunal una querella que incluía dos cargos contra el Lic. Sixto Pabón García. En cuanto al Lic. Ramiro Rodríguez, el Procurador no hizo señalamiento ni presentó cargo alguno. Los cargos contra el Lic. Sixto Pabón García son los siguientes:

### Cargo I

El Licenciado Sixto Pabón García incurrió en conducta impropia y faltó a su deber profesional en el desempeño de la representación legal de la Señora Doña Simona González Alicea. El querellado soslayó su deber de mantener a ésta informada de la moción solicitando rebaja de pensión alimenticia y de la estipulación acordada en el caso de *Evangelio Reyes Rivera* v. *Simona González Alicea,* Civil Número CS-82-2041.

### Cargo II

El Licenciado Sixto Pabón García incurrió en conducta altamente lesiva a los mejores intereses de su cliente al propiciar una estipulación mucho más beneficiosa al demandante que a su cliente, así como al convenir en que sus honorarios fueran pagados por la otra parte.

Oportunamente nombramos un Comisionado Especial para oír y recibir la prueba sobre el asunto ante nos.[1] Dicho Comisionado luego de celebrar vista y analizar la prueba testifical y documental nos rindió su informe.

---

[1] Lic. Manuel Reyes Serrano, ex Juez Superior.

## I

El Comisionado Especial en forma detallada relata en qué consistió la participación de ambos abogados en el caso de referencia. De dicho informe, surgen los siguientes hechos:

En el 1982 doña Simona González Alicea, fue representada por el Lic. Sixto Pabón García en un pleito de divorcio, ante el Tribunal Superior, Sala de Guayama. Luego de dictada la sentencia de divorcio, don Evangelio Reyes presentó una Moción de Rebaja de Pensión Alimenticia y División de Bienes Gananciales por conducto del Lic. Cirilo Tirado Delgado. Dicha moción fue notificada al licenciado Pabón García, abogado de récord de la señora González. La vista de dicha moción fue señalada para el 17 de noviembre de 1983.

El Comisionado Especial, aunque determinó que había controversia en cuanto a la *hora* en que a la señora González se le notificó de la vista de 17 de noviembre de 1983, sostuvo sin embargo que un mensajero del licenciado Pabón visitó a la señora González el 17 de noviembre de 1983 *en horas de la mañana* y le notificó que tenía que estar a la 1:30 de la tarde en el tribunal. La señora González llegó al tribunal antes de que llamaran el caso y se entrevistó con el licenciado Tirado Delgado, abogado de su ex esposo. Durante la audiencia celebrada ante el Comisionado la señora González inicialmente negó haber hablado con el licenciado Tirado pero finalmente admitió que sí le había hablado.

El día de la vista los abogados de las partes llegaron a una estipulación la cual sometieron al tribunal. El licenciado Pabón le informó a la señora González en qué consistía la estipulación y ésta no presentó ninguna objeción. El juez de instancia (²) se negó a aceptar la estipulación salvo que el ex esposo de la señora González renunciara a favor de sus hijos de la

_____

(²) Hon. José M. Ayala Cadiz.

participación que le correspondía en un inmueble de la sociedad legal de gananciales.

Las partes se reunieron nuevamente y aceptaron la recomendación hecha por el magistrado. Cuando todas las partes estaban presentes, el licenciado Tirado expresó para el récord los términos de la estipulación y la señora González no objetó los mismos, ni expresó que el Lic. Sixto Pabón fuera su abogado. Finalmente el tribunal le impartió su aprobación a dicha estipulación.

Los términos de la estipulación fueron los siguientes:

a. De las propiedades inmuebles adquiridas durante el matrimonio, la casa residencia de dos plantas en la Urb. Mariani de Patillas[,] Puerto Rico, correspondería a la señora González. La mitad del valor de dicha residencia correspondiente a su ex esposo, sería cedida a los hijos habidos en el matrimonio en consideración a pensiones alimenticias atrasadas por éste último.

b. La finca con una casa en el barrio Mamey se le cedería a su esposo.

c. La pensión alimenticia fijada anteriormente sería reducida a $50 mensuales más los $200 que la señora González recibía de la renta de la segunda planta de la casa en la Urb. Mariani.

d. Los $3,000 que adeudaba su ex esposo, Sr. Evangelio Reyes de la pensión alimenticia serían condonados.

Esta fue la participación del licenciado Pabón García en el caso de doña Simona González. Dicha participación se extendió desde que la señora González se divorció hasta la división de bienes gananciales.

## II

Luego que el tribunal emitió su resolución con relación a la estipulación acordada por las partes, compareció *por primera vez* el licenciado Rodríguez.

El 5 de noviembre de 1983—doce (12) días antes de la vista judicial antes mencionada—el licenciado Rodríguez se

había reunido con don Evangelio Reyes para llegar a unos acuerdos con éste en relación con la división de bienes gananciales. Al momento de dicha reunión, el licenciado Rodríguez no había presentado moción alguna asumiendo la representación legal de la señora González. El abogado de récord lo seguía siendo el licenciado Pabón García. En dicha reunión, el señor Reyes le expresó al licenciado Rodríguez que se había señalado una vista judicial y que su abogado era el licenciado Tirado.

Los acuerdos entre el licenciado Rodríguez y el señor Reyes fueron idénticos a los que surgen de la estipulación a la cual el tribunal de instancia le impartió su aprobación y que reseñamos anteriormente.

Posteriormente, el licenciado Rodríguez se comunicó con el licenciado Tirado para comunicarle los acuerdos a los que había llegado con don Evangelio Reyes. Mediante carta que el licenciado Rodríguez le enviara al licenciado Tirado éste le informó que él representaba a la Sra. Simona González.

En ningún momento el licenciado Rodríguez le comunicó al licenciado Pabón que la señora González lo había contratado para que la representara. Ante el Comisionado Especial la señora González admitió que ella tampoco le comunicó al licenciado Pabón su deseo de que él no continuara representándola por razón de que ella tenía otro abogado.

El día de la vista ante el tribunal de instancia compareció el Lic. Sixto Pabón en representación de la señora González. Nadie le informó al licenciado Pabón que el Lic. Ramiro Rodríguez había estado haciendo gestiones en favor de la señora González. El licenciado Tirado atestó que él no se expresó sobre lo acontecido ya que al no ver al licenciado Rodríguez en el tribunal de instancia entendió que el abogado de la señora González lo seguía siendo el licenciado Pabón.

Luego de que el tribunal de instancia emitió su resolución donde acogía la estipulación de las partes, el licenciado Rodríguez comparece por primera vez ante dicho tribunal. El 25 de

noviembre de 1983 —10 días después de aprobada en corte abierta la estipulación— el licenciado Rodríguez presentó una moción donde alegaba que él representaba a la señora González y solicitaba que se dejara sin efecto la referida estipulación. Dicha moción fue declarada sin lugar por el tribunal de instancia al igual que la solicitud de reconsideración de 9 de diciembre de 1983.

No conforme, el licenciado Rodríguez acudió ante nos mediante escrito de *certiorari* y solicitó que dejáramos sin efecto la estipulación por las siguientes razones:

    a. Porque la estipulación era más beneficiosa a don Evangelio Reyes.

    b. Porque el Lic. Sixto Pabón no era el abogado de la señora González y faltó a su deber de abogado y cliente ya que propició una transacción más beneficiosa a la otra parte.

El 29 de marzo de 1984 expresamos "no ha lugar" a la solicitud de *certiorari* y el 12 de abril de 1984 lo reiteramos al pasar juicio sobre la moción de reconsideración. Fue entonces cuando sometimos el asunto a la consideración del Procurador General para que éste investigara cómo advinieron y cesaron de su representación los abogados Pabón García y Rodríguez Ramos, representantes de la Sra. Simona González.

### III

Los hechos hasta aquí expuestos no ameritan que se continúe con el procedimiento disciplinario iniciado contra el Lic. Sixto Pabón García. La prueba que tuvo ante sí el Comisionado Especial no sostiene los cargos de la querella.

En cuanto al primer cargo el Comisionado Especial determinó que se le notificó a la Sra. Simona González que había una vista señalada y que el día de la vista ella estuvo presente en el tribunal y escuchó todos los planteamientos de los abogados y no objetó los mismos.

Respecto al segundo cargo la prueba que tuvo ante sí el Comisionado exculpa al Lic. Sixto Pabón García. Ante la ale-

gación de que la estipulación desfavorecía a la señora González, el Comisionado ordenó una tasación de las propiedades y a esos efectos designó como tasador al Ing. Ángel Rodríguez. Del informe de valoración presentado por este ingeniero surge que la propiedad adjudicada a don Evangelio Reyes es un predio de terreno radicado en el Bo. Pollos del municipio de Patillas, Puerto Rico, compuesto por cinco cuerdas de terreno con un valor en el mercado de $9,000 aproximadamente. Surge además que la propiedad adjudicada a la Sra. Simona González es un solar con cabida aproximada de 300 metros cuadrados y una estructura de dos plantas, ambas dedicadas a residencia con entradas independientes. La estructura es de hormigón y bloques y tiene un valor en el mercado de $50,000 aproximadamente.

La Sra. Simona González se benefició de la estipulación que el Procurador General expresa que le fue perjudicial.

En su informe el Comisionado señala lo siguiente:

Del testimonio de [doña] Simona González, surge que el principal motivo de su queja contra la estipulación es que ella entiende que no puede vender la casa y ella interesa venderla para irse del lugar "por no ver a su ex-esposo con otra mujer que vive por allí". (T.E., págs. 60–62, 71.) Informe del Comisionado, *supra*, pág. 8.

Con relación al segundo cargo el Comisionado Especial ha formulado la siguiente expresión:

Respecto al cargo II imputado al querellado debemos señalar que es cierto [, y] está admitido por dicho querellado, que se convino en la transacción que el demandante —Don Evangelio— satisfaría $100.00 de honorarios de abogado al querellado como abogado de Doña Simona González y que dicho abogado recibió dinero en presencia de dicha señora. Sin embargo, esa es la norma en casos de alimentos y en casos de divorcio en que la mujer carece de recursos. Es m[á]s, está resuelto que los honorarios de abogado son parte de los alimentos. *Conesa vs. Corte, 72 DPR 68; Valdés v. Tribunal, 67 DPR 310*. Informe del Comisionado, *supra*, pág. 9.

El Lic. Sixto Pabón no infringió los Cánones .de Ética. Ante estos hechos la querella presentada contra él debe ser archivada.

*Se ordena el archivo de la querella presentada contra el Lic. Sixto Pabón García y se dicta la sentencia correspondiente.*

Los Jueces Asociados Señores Negrón García y Rebollo López concurren sin opinión escrita.