# 95 DTA 51

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL III ARECIBO Y UTUADO

DIANA E. MARTINEZ SANCHEZ, ET ALS
Peticionaria

v.

JOSE R. RODRIGUEZ RODRIGUEZ,
Recurrido

Núm. KLCE-95-00082

San Juan, Puerto Rico, a 10 de abril de 1995

Panel integrado por su presidente, Juez Arbona Lago y
los Jueces Giménez Muñoz y Salas Soler

Salas Soler, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Se trata de un *Certiorari* para revisar una orden del Tribunal de Primera Instancia de Arecibo que declara No Ha Lugar una petición de aumento de pensión alimentaria mensual de $1,000.00 a $2,800.00. Surge de la resolución recurrida, que el Tribunal de Primera Instancia, Sala de Arecibo determinó que no procedía la petición de aumento por haber sido ésta presentada antes de transcurrir tres años desde que fue dictada y al no demostrarse que existían circunstancias extraordinarias que ameritaran la modificación de la pensión alimentaria. Art. 19 de la Ley Especial de Sustento de Menores, según enmendada, 8 L.P.R.A. sec. 518.

Por los siguientes fundamentos se deniega la expedición del recurso.

El 25 de junio de 1993 se dictó sentencia disolviendo el matrimonio entre la peticionaria, Diana E. Martínez Sánchez y el recurrido, José E. Rodríguez Rodríguez en el caso CDI930916. Dentro de la petición de divorcio por consentimiento mutuo se sometieron unas estipulaciones en las que entre otros asuntos se acordó una pensión alimentaria de $500.00 mensuales a favor de los dos hijos menores de edad procreados durante el matrimonio. Además, el recurrido aportaría $500.00 como gasto extraordinario para el pago de la hipoteca de la casa en que se quedaría residiendo la recurrente junto a sus hijos. En las estipulaciones también se acordó que el señor Rodríguez Rodríguez proveería a los menores de un plan médico y los gastos de ropa, libros, matrícula y las mensualidades del colegio de los niños. Ambas partes habían sometido con anterioridad a la fecha de la sentencia de divorcio las Planillas de Información Personal y Económica.

Un año y dos meses después de haberse sometido dichas estipulaciones, el 30 de agosto de 1994, la señora Martínez Sánchez, solicitó a través de su representación legal que se aumentara el monto de la pensión alimentaria. La peticionaria fundamentó su solicitud en que el alimentante gozaba de una mejor situación económica debido a que había contraído matrimonio nuevamente, y a que la pensión estaba por debajo de las Guías para la Fijación o Modificación de Pensiones Alimentarias, del Reglamento Número 4070 del 8 de diciembre de 1989 del Departamento de Servicios Sociales, lo cual resultaba en perjuicio de las

necesidades reales de los menores. También indicó que debido a una deuda contributiva que alegadamente el recurrido había ocultado, la recurrente comenzó a pagar una mensualidad mayor del importe de la hipoteca de su residencia teniendo que utilizar la recurrente el importe total de la pensión alimetaria para satisfacer dichas mensualidades Además, la recurrente solicitó que el recurrido contribuyera al arreglo de varios defectos en su residencia que alegadamente la habían hecho inhabitable y que fueron causados por actos vandálicos antes del divorcio. Se solicitó además, que se impusiera a la parte recurrida los honorarios de abogados a favor de la peticionaria.

El Tribunal de Primera Instancia tras discutir ampliamente dicha solicitud con las partes en una vista de incidentes declaró No Ha Lugar a la Moción de Aumento,. dejando pendiente una vista de desacato para atender unas alegaciones de deuda. Durante la vista de incidentes se logró estipular en cuanto a la reparación de la residencia, haciéndose cargo el recurrido de costear el 65% de dichas reparaciones. En cuanto a la exención contributiva el Tribunal le indicó a la recurrente que hiciera las gestiones necesarias directamente en el Departamento de Hacienda.

A la luz de los hechos antes expuestos, y tras diversos incidentes procesales, el Tribunal de Primera Instancia, Sala de Arecibo resolvió que la recurrente no tenía derecho a un aumento de pensión alimentaria. Señala la resolución como fundamento de dicha determinación que:

*"La Ley de Sustento de menores establece que las pensiones alimentarias no son revisables hasta transcurridos tres (3) años de dictadas, salvo circunstancias extraordinarias. La sentencia en este caso se dictó el 25 de junio de 1993; la circunstancia extraordinaria en este caso, vandalismo del hogar, fue ampliamente discutido y finalmente estipulado en la vista del 20 de diciembre de 1994. Las partes deben atenerse a lo acordado. No ha lugar a la moción de aumento...".* Resolución del 11 de enero de 1995.

El 20 de febrero de 1995 la peticionaria radicó Moción de Reconsideración en la que en síntesis alegó las mismas circunstancias que en su primera moción: falta de una adecuada representación legal al estipular la pensión alimentaria lo cual redundó en una pensión menor que la recomendada en las guías, y que el recurrido había contraído nupcias, aumentando su capacidad económica. En relación con la moción de reconsideración el Tribunal de Primera Instancia indicó que esos asuntos habían sido *"[c]onsiderados y discutidos a la saciedad...".* Resolución del 9 de marzo de 1995.

La peticionaria plantea en el recurso cuatro asuntos:

*"1. SI ES DE APLICACION ESTRICTA BAJO LA LEY ESPECIAL DE SUSTENTO DE MENORES, 8 L.P.R.A. SEC. 501 Y SUBSIGUIENTES, QUE LAS PENSIONES ALIMENTARIAS NO SEAN REVISABLES HASTA TRANSCURRIDOS TRES AÑOS DE DICTADAS.*

*2. SI BAJO LAS DISPOSICIONES DE LA LEY DE SUSTENTO, PROCEDE DECLARAR SIN LUGAR UNA MOCION DE AUMENTO DE PENSION ALIMENTARIA PARA MENORES SIN DARSELE A ESTOS LA OPORTUNIDAD DE EVIDENCIAR LAS CIRCUNSTANCIAS SUSTANCIALES QUE JUSTIFICAN SU PETICION.*

*3. SI CONSTITUYE LA DECISION DEL HONORABLE TRIBUNAL DE INSTANCIA UNA PRIVACION A UN DERECHO CONSTITUCIONAL DE LOS ALIMENTISTAS SIN EL DEBIDO PROCESO DE LEY Y EN VIOLACION A LA IGUAL PROTECCION DE LAS LEYES.*

*4. SI ES MANDATORIA LA IMPOSICION AL ALIMENTANTE DE HONORARIOS DE*

*ABOGADOS EN CUALQUIER PROCEDIMIENTO BAJO LA LEY DE SUSTENTO".*

## DISCUSION Y DICTAMEN

Hemos examinado y estudiado cuidadosamente la petición de *certiorari*, el contenido íntegro del legajo ante nos y el expediente del caso ante el Tribunal de Primera Instancia.

La obligación de los padres de alimentar a los hijos proviene de dos fuentes legales: (1) de la patria potestad, Art. 153 del Código Civil, 31 L.P.R.A. sec. 601 del Código Civil, que dispone el deber de alimentar a los hijos menores de edad de los que se mantiene la patria potestad aunque no necesiten de dichos alimentos; y (2) en el caso que no tenga la patria potestad y sin importar la edad, cuando se demuestre la necesidad y se tenga la capacidad para proveerlos. Artículos 142 a 151 del Código Civil, 31 L.P.R A. secs. 561-570; *Key v. Oyola,* 116 D.P.R. 261 (1985); *Viera vs. Morell,* 115 D.P.R. 4 (1983)

Una estipulación de las partes en un pleito, incluyendo aquellas referentes al pago de pensiones alimentarias en un divorcio por consentimiento mutuo, tiene la consecuencia de un contrato de transacción. Art. 1709 del Código Civil, 31 L P.R A. sec. 4821; *Magee v. Alberro,* \_\_\_ D.P.R. \_\_\_, **90 J.T.S. 61** (1990). Aún cuando se apruebe una estipulación sobre alimentos, dichas sentencias nunca constituyen cosa juzgada y pueden ser revisadas por el Tribunal cada vez que ocurran cambios sustanciales en las circunstancias que existían cuando se aprobó. *Ex parte Negrón,* 120 D.P.R. 61 (1988); *Brea v. Pardo,* 113 D.P.R. 217 (1982); *Fenning v. Tribunal Superior,* 96 D.P.R. 615 (1968); *García v. Acevedo,* 78 D.P.R. 61 (1953).

La jurisprudencia ha reconocido la facultad judicial de modificar los decretos judiciales previos sobre pensiones alimenticias según lo requieran los cambios de las circunstancias que así lo ameriten. *Valencia v. Riollano, Ex Parte,* 116 D.P.R. 909 (1966); *García v. Acevedo,* 78 D.P.R. 611 (1955); *Sacarrello v. Rubio,* 44 D.P.R. 883 (1933).

La cuantía de los alimentos será proporcional a los recursos del que los dé y a las necesidades del que los recibe, y se reducirán o aumentarán en proporción a los recursos del primero y las necesidades del segundo. Art. 146 del Código Civil, 31 L.P.R.A. sec. 565.

En Puerto Rico toda orden de pensión alimentaria podrá revisarse transcurridos tres años desde que la orden fue establecida o modificada excepto en aquellos casos en que medien cambios significativos o imprevistos de alguna de las partes o cuando al adoptarse un acuerdo o dictarse sentencia, se desconociera información pertinente que no sea por culpa de la parte perjudicada. Art. 19 de la Ley Especial de Sustento de Menores, según enmendada, 8 L.P.R.A. sec. 518.

El peso de la prueba para establecer que existen circunstancias extraordinarias o imprevistas que ameriten se considere la procedencia de una solicitud de aumento de pensión alimentaria antes de los tres años de dictada, corresponde a la parte que reclama la modificación.

La determinación final respecto a si se han dado los cambios sustanciales o circunstancias imprevistas y a la capacidad del alimentante y del alimentista queda a la discreción del juzgador. *Rosario v. Suárez,* 67 D.P.R. 589 (1974); *García v. Acevedo,* 78 D.P.R. 611 (1955); *Molina v. Tribunal,* 72 D.P.R. 945 (1951); *Montañez v. Rodríguez,* 69 D.P.R. 867 (1949).

En *Ex parte Negrón, supra,* el Tribunal Supremo revocó la reducción de pensión alimentaria otorgada por el Tribunal de Primera Instancia y expresó:

*"La doctrina ha establecido que la alteración sobre pensión alimenticia en ocasión a un*

*divorcio procederá solamente cuando exista un cambio sustancial en las circunstancias que dieron lugar u originaron el mismo. No basta cualquier cambio en las circunstancias, éste tiene que ser uno sustancial. Foser Benlloch, Enrique, Estudios de Derecho de Familia, Bosch, Casa Editorial, 1986, T. II VI pág. 309; López Alarcón, Mariano, supra, pág. 339; Entrena Klett, Carlos, Matrimonio, Separación y Divorcio, Editorial Aranzadi, Pamplona, 1984, pág. 588." Ex parte Negrón, supra, pág. 77.*

Una vez el Tribunal acepta las estipulaciones provistas por las partes, las mismas sólo se modificarán cuando se le demuestre al Tribunal que verdaderamente ha ocurrido un cambio sustancial. Para poder situar al Tribunal en una posición de juzgar si existen dichas circunstancias extraordinarias, la parte promovente viene obligada a aportar la prueba necesaria para que el juez pueda valorar lo meritoria de su solicitud. La carga de la prueba para demostrar una variación en las circunstancias vigentes al momento en que se hicieron las estipulaciones de alimentos para los efectos de conseguir un aumento, corresponde al alimentista.

El Tribunal tiene amplia discreción en cuanto a la forma y manera en que entenderá en estos asuntos. Se podrá hacer de manera informal en su despacho o mediante vista evidenciaria, según su discreción. *Ex parte Negrón, supra,* pág. 77.

Para poder tomar estas determinaciones es necesario que el juzgador otorgue la oportunidad de evidenciar las circunstancias que justifican su petición de manera que se salvaguarde el interés público de obtener el bienestar de los menores. *Rodríguez Rosado v. Zayas Martínez,* ___ D.P.R. ___, **93 JTS 75**; *Rivera v. Cabrera,* ___ D.P.R. ___, **92 JTS 29** (1992); *López v. Rodríguez,* 121 D.P.R. 23 (1988); *Rodríguez v. Rodríguez,* 117 D.P.R. 616 (1986).

La peticionaria optó por tramitar su solicitud por la vía ordinaria radicando una demanda en la que se solicitaba el aumento de la pensión alimentaria. En las alegaciones de la misma no se hace referencia a ninguna circunstancia extraordinaria que amerite el que se discuta la petición de aumento, limitándose a ofrecer unas alegaciones generales que no ponen al Tribunal en condiciones de evaluar lo meritoria de la solicitud. La recurrente fundamentó esencialmente su solicitud en los actos de vandalismo de que fue objeto su residencia y en que no se le había atribuido la exención contributiva de ésta. Sus alegaciones fueron discutidas ampliamente ante el Tribunal de Primera Instancia llegándose a unos acuerdos en cuanto a la reparación del hogar de la recurrente. En cuanto a la exención contributiva sobre la residencia, el Tribunal no es el foro ante el cual la recurrente debe traer su solicitud, sino que debe gestionar dicha exención contributiva en el Departamento de Hacienda tal y como se le indicó. Entendemos que este asunto fue resuelto favorablemente para los intereses de la promovente.

**II**

El concepto alimentos cubre los honorarios de abogado de los menores en una acción de esta naturaleza, aunque el demandado no actúe con temeridad. *In re: Pabón,* 118 D.P.R. 723 (1987); *Guadalupe Viera v. Morell,* 115 D.P.R. 4 (1983); *Conesa v. Corte,* 72 D.P.R. 68 (1951), *Valdés v. Tribunal de Distrito,* 67 D.P.R. 310 (1947). La Ley de Sustento de Menores también indica que el tribunal deberá imponer al alimentante el pago de honorarios de abogado cuando el alimentista prevalezca. Art. 22 Ley Especial de Sustento de Menores 8 L.P.R.A. sec. 521. Del expediente surge que la peticionaria no ha prevalecido en su petición de que se le conceda modificación a la pensión alimentaria y en cuanto al otro asunto incidental se llegó a una transacción 65%-35% que excluyó honorarios.

La recurrente intentó revisar una pensión alimentaria antes de transcurridos los tres años de impuesta la pensión, sin primero dar cumplimiento al requisito de *"exponer circunstancias*

*extraordinarias"* que para ello impone la ley. Se trata de un importante requisito de política pública, necesario para poder contar con el recurso judicial indispensable para la implementación de la Ley de Sustento de Menores y cumplir con sus propósitos. Estamos ante una razonable restricción individual para beneficio de toda una comunidad. Al incumplir con los requisitos de ley la peticionaria no puede ampararse en la misma para solicitar honorarios.

## III

De conformidad con lo anteriormente discutido,y existiendo prueba en el expediente de que se le ha ofrecido oportunidad a la promovente de presentar evidencia ante el Tribunal de que están presentes los criterios de cambios sustanciales significativos o imprevistos que posibiliten que se considere la modificación de la pensión alimentaria, y que las mismas no se han manifestado, especialmente cambios en la situación de los alimentistas, resolvemos que actuó correctamente el Tribunal de Instancia y no debe expedirse el auto solicitado.

Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General

**ESCOLIO 95 DTA 51**

**1.** Los esposos Rodríguez-Martínez estuvieron representados en el procedimiento por sus respectivos abogados.