Rosa Ortiz Ríos, demandante y apelada, *v.* Leonardo Viera, demandado y apelante.

Núm. 8588.—*Sometido:* Febrero 3, 1943. *Resuelto:* Marzo 9, 1943.

*Federico García Veve,* abogado del apelante; *E. Díaz Santana y E. Mieres Calimano,* abogados de la apelada.

El Juez Asociado Señor Snyder emitió la opinión del tribunal.

Rosa Ortiz Ríos radicó una demanda contra Leonardo Viera reclamándole alimentos en la suma de $50 mensuales para el mantenimiento de su hija natural, Margarita Ortiz. Alegó que ella y el demandado habían vivido en concubinato por más de un año, resultando del mismo el nacimiento de la menor, Margarita; que la niña había sido reconocida como hija del demandado por sentencia del Tribunal Supremo; que el demandado pasaba a la niña $3 semanales, que eran insuficientes para su mantenimiento; que la niña necesitaba $50 mensuales para poder sufragar el costo de alimentos, ropa y atención médica; y que su padre estaba en una posición de poder pasarle tal cantidad. El demandado ha apelado de la sentencia de la corte de distrito ordenándole pagar $6 a la semana para el mantenimiento de la menor.

■ La única evidencia ofrecida para establecer el hecho de que el demandado era el padre de la menor fué la propia declaración de la demandante a la cual la corte inferior dió crédito. El apelante alega que era necesaria prueba corroborativa de esa declaración para poder sostener la sentencia. Su contención carece de mérito. *Pueblo* v. *De Jesús,* 57 D. P.R. 708.

Además, el mismo apelante, al ser interrogado por la corte inferior, admitió que ya se había decidido la paternidad de la menor en un caso criminal anterior, el cual esta corte confirmó en apelación. (*Pueblo* v. *Viera,* 57 D.P.R. 1002 (*per curiam*). En dicho caso estaba envuelta una denuncia por abandono de un menor, en el cual debe establecerse la paternidad. *Pueblo* v. *López,* 54 D.P.R. 294, 301.

■ El apelante también alega que la corte inferior actuó con pasión, prejuicio y parcialidad al pesar la evidencia, toda vez que no consideró la defensa de *res judicata* establecida por él. Su posición es que la cuestión sobre alimentos fué decidida por este tribunal en apelación en la causa criminal entre las mismas partes por abandono de menores, y que por tanto dicha cuestión es res judicata. Existe una contestación concisa a la contención del apelante. Las partes en esta acción no son las mismas que las del caso criminal. En este último el demandante era el Pueblo. La apelada no era parte en aquel caso y por tanto no estaba obligada por la sentencia en él dictada. Pero aún si se asumiera *arguendo* que la cuestión de alimentos estaba envuelta en el caso criminal, hemos resuelto que "la naturaleza de los alimentos es siempre provisional o transitoria, mientras subsiste la situación que lleva a la corte a concederlos." *Sacarello* v. *Rubio,* 44 D.P.P. 883, 86. Por tanto tal adjudicación no está regida por la doctrina general de res judicata. *Puigdollers* v. *Monroig,* 14 D.P.R. 782, 84; *Sacarello* v. *Rubio,* supra, a la página 887.

*La sentencia de la corte de distrito será confirmada.*