DR. MANUEL LUCIANO VALDÉS, peticionario, v. TRIBUNAL DEL DISTRITO JUDICIAL DE SAN JUAN, HON BORINQUEN MARRERO, JUEZ; SABINA RIVERA, interventora.

Núm. 1663.—*Sometido:* Mayo 2, 1947. *Resuelto:* Mayo 8, 1947.

*Rafael Arjona Siaca,* abogado del peticionario; *E. Martínez Rivera* y *Luis Blanco Lugo,* abogados de la interventora, demandante en el pleito principal.

El Juez Asociado Señor Snyder emitió la opinión del tribunal.

Una esposa presentó demanda de divorcio contra su esposo y dentro del divorcio solicitó alimentos. La corte de distrito le concedió $200 mensuales para los alimentos provisionales de ella y su hijo menor mientras estuviera pendiente el pleito de divorcio. Toda vez que una sentencia firme terminaba estos alimentos provisionales, la esposa como madre con patria potestad radicó una acción independiente para los alimentos del menor. Después de dictarse sentencia a favor de la esposa en el divorcio, se celebró la vista en cuanto a la acción independiente de alimentos. La demandante solicitaba en ésta $200 mensuales para alimentos y $500 para honorarios de abogado. La corte inferior le concedió $124.70 mensuales y $350 para honorarios de abogado.

La controversia ante nos versa sobre la concesión de $350 para honorarios. La corte de distrito resolvió que el padre no había sido temerario y que en su consecuencia la demandante no tenía derecho a honorarios de abogado de conformidad con el artículo 327 del Código de Enjuiciamiento Civil, según quedó enmendado por la Ley núm. 94, Leyes de Puerto Rico, 1937. Pero la corte inferior, sin embargo, concedió $350 para honorarios de abogado, en la teoría de que, in-

·dependientemente del artículo 327, los honorarios de abogado ·de un menor, desembolsados al demandar al padre por alimentos, son parte de tales alimentos a tenor con el artículo 142 del Código Civil. Expedimos el auto de *certiorari* para ·determinar si el juez de distrito estaba autorizado a concederle a la demandante honorarios de abogado a pesar de haber resuelto que el padre no había sido temerario.

El peticionario alega que el artículo 142 no provee ·expresamente sobre honorarios de abogado y que incluirlos ·como parte de los alimentos equivale a legislación judicial.[1] Puede admitirse que la cuestión sería más clara si nuestra Legislatura, para evitar cualquier duda, hubiera provisto ·expresamente, como en algunos estados, que los honorarios ·de abogado serían considerados como parte de los alimentos en tales casos. Sin embargo, somos de opinión que el lenguaje de nuestro estatuto es suficientemente amplio para in- ·cluir, como parte de los alimentos, los honorarios de abogado en que incurre un menor cuando se ve obligado a demandar a su padre por alimentos. Resolver lo contrario sería menoscabar sustancialmente los alimentos a los cuales el menor tiene derecho bajo el estatuto.

Hemos resuelto que la disposición del artículo 100 del Código Civil sobre alimentos de la esposa mientras esté pendiente el pleito de divorcio, incluye sus honorarios de abogado. *Wolkers* v. *Masson,* 26 D.P.R. 188, 27 D.P.R. 278; *Carballo* v. *Rossy, Juez de Distrito,* 27 D.P.R. 937. No convenimos con el peticionario en que estos casos son distinguibles porque (1) el esposo es el administrador de la sociedad de gananciales, (2) los alimentos contemplados por el artículo 100 sólo son provisionales y (3) son incidentales al pleito principal de divorcio y no como aquí un pleito inde-

---

[1] El artículo 142 dispone cómo sigue:

"Se entiende por alimentos todo lo que es indispensable para el sustento, habitación, vestido y asistencia médica, según la posición social de la familia.

"Los alimentos comprenden también la educación e instrucción del alimentista, cuando es menor de edad."

pendiente. Si los honorarios de abogado de una esposa que solicita alimentos provisionales dentro de un pleito de divorcio son parte de sus alimentos, *a fortiori* los honorarios para obligar al padre a pasarle alimentos permanentes[2] a su hijo en un pleito independiente son parte de tales alimentos. En ambos casos los honorarios son desembolsos incluídos en los alimentos debido a la conducta del demandado que obligó a la demandante a entablar acción para obtenerlos. Honorarios razonables para sufragar tal pleito son tan parte de los alimentos como los gastos razonables de manutención, habitación o vestido. Véanse *Campbell* v. *Campbell*, 20 S. E. 2d 237 (S. C., 1942); *Arais* v. *Kalensnikoff*, 74 P.2d 1043, 1047 (Cal., 1937).

Queremos aclarar que la función de este auto de certiorari queda cumplida por nuestra decisión al efecto de que la corte de distrito estaba autorizada, bajo el artículo 142 del Código Civil, a exigirle al demandado que pagara los honorarios de abogado de la demandante como parte de los alimentos del menor aun cuando el demandado no fuera temerario al defenderse en el caso.

Durante la vista del recurso los abogados discutieron una cuestión diferente: si los honorarios de abogado de la demandante caen automáticamente dentro de la categoría de alimentos, no importa cuán irrazonable fuera la posición de la demandante en el curso del pleito.[3] Pero no es éste el recurso adecuado para determinar dicha cuestión, ya sea como cuestión de derecho o en cuanto a los hechos. Aquí sólo tenemos ante nos el legajo de la sentencia y éste única-

---

[2] En cierto modo la concesión de alimentos nunca es permanente, porque está siempre sujeta a modificación si se demuestra que la situación ha cambiado. *Ortiz* v. *Viera*, 61 D.P.R. 514; *Valdés* v. *Hastrup*, 64 D.P.R. 595, 600–01. Pero en este caso hablamos de alimentos permanentes en contraste con los alimentos provisionales que se conceden mientras se dilucida el caso.

[3] *Cf.* nuestra manifestación en *Wolkers* v. *Masson*, 27 D.P.R. 278, 280, al efecto de que en un caso de una esposa el abogado ''que la representa tiene derecho a que se lo pague por sus servicios aun en el caso de que se pierda el pleito.''

mente demuestra que el padre estaba dispuesto a pagar $100, la demandante pretendía $200, y la corte le concedió $124.70 mensuales. Solamente si el padre insiste en la apelación contra esta misma sentencia que pende ante este tribunal y radica la transcripción de evidencia, estaríamos en condiciones de determinar si del récord surge no sólo que el demandado no fué temerario sí que también fué irrazonable la demandante en tramitar el pleito. Después de todo, en los casos dudosos, no solamente las partes no son temerarias sí que ambas son razonables en litigar las cuestiones suscitadas. De ser éstos los hechos de este caso, según lo demuestra el récord, la demandante tenía derecho a los honorarios de abogado como parte de los alimentos a tenor con el artículo 142 del Código Civil, no obstante el hecho de que el demandado no fuera temerario. Pero si de hecho la posición de la demandante fué irrazonable, entonces tendríamos que determinar como cuestión de derecho si una reclamación irrazonable de la demandante justifica la reducción o eliminación de los honorarios de abogado de ésta en un pleito de alimentos para un menor. No llegamos a dicha cuestión en este recurso.

*El auto de certiorari será anulado.*

El Juez Asociado Sr. Marrero no intervino.