SUSANA y MARIANO CONESA BRAUN, por su señora madre con patria potestad GLADYS BRAUN, peticionarios, *v.* CORTE DE DISTRITO DE PONCE, HON. HÉCTOR RUIZ SOMOHANO, JUEZ, demandada.

Núm. 1850.—*Sometido:* Diciembre 1, 1950. *Resuelto:* Enero 26, 1951.

*Aníbal Padilla,* abogado de los peticionarios; *José I. Fernández Segarra,* abogado del interventor.

El Juez Asociado Señor Negrón Fernández emitió la opinión del tribunal.

Expedimos el auto de *certiorari* para revisar la negativa de la corte inferior a conceder, en pleito de alimentos, honorarios para el abogado de los demandantes, basándose en que éstos, bajo las circunstancias de este caso, no estuvieron justificados en recurrir a la acción judicial sin haber antes solicitado los alimentos del demandado directamente. Precisa, pues, que expongamos los hechos en detalle y examinemos las circunstancias de este caso a la luz de nuestra decisión en *Valdés* v. *Tribunal de Distrito,* 67 D.P.R. 310.

El 18 de enero de 1950 los menores aquí peticionarios, Susana y Mariano Conesa Braun, representados por su madre con patria potestad, Gladys Braun, radicaron demanda de alimentos contra su padre Julio M. Conesa en la que, luego de consignar que el matrimonio entre sus padres había quedado disuelto en el mes de diciembre de 1949, que los bienes de la sociedad de gananciales cuyo valor estimaban en no menos de $60,000 se encontraban en poder del demandado, pendientes de la liquidación y división de dicha sociedad, y que éste percibía rentas aproximadas de $1,000 mensuales, expusieron sus necesidades de una pensión alimenticia y solicitaron que se dictara sentencia condenando al demandado a pasarle para alimentos la suma de $30 semanales, con costas y honorarios para el abogado de los demandantes. En igual fecha solicitaron que se les fijara una pensión alimenticia de $30 semanales con carácter de provisional, hasta que se dictara sentencia final en el pleito de alimentos.

Expedida convocatoria para la primera comparecencia a celebrarse el 26 del mismo mes, las partes estipularon la posposición de la vista para el 8 del siguiente mes de febrero por hallarse el demandado fuera de la ciudad y su abogado necesitar información adecuada para poder contestar la demanda. Ambas comparecencias se consolidaron para celebrarse en la indicada fecha. En ésta, las partes informaron al tribunal que estaban en vías de una estipulación, solicitando la posposición de la vista. La corte accedió a ello y les concedió 24 horas para radicar la estipulación de referencia.

El 23 de febrero fué celebrada la vista de una moción de los demandantes titulada "Moción sobre Cumplimiento de Estipulación" la que fué declarada sin lugar por considerar el tribunal que no todo lo consignado en el proyecto de estipulación sometido por los demandantes al demandado había sido convenido entre ellos. En esa ocasión, el demandado, ratificando lo que aparentemente fué su ofrecimiento anterior para transigir el pleito por estipulación, solicitó que se dictara sentencia condenándolo al pago de una pensión alimenticia de $20 semanales para sus dos hijos demandantes. Estos se opusieron, insistiendo en que la pensión se fijara en $30 semanales.

El 14 de marzo siguiente luego de vista la moción sobre alimentos provisionales, la corte inferior fijó éstos, por estipulación de las partes, en la suma de $25 semanales, retroactivos a la fecha de radicación de la demanda. El 29 del mismo mes, día señalado para el juicio en sus méritos, también por estipulación, fijó la pensión alimenticia en la igual suma de $25 semanales, con imposición de costas "sin que éstas incluyan honorarios de abogado". La estipulación que sirvió de base a esta sentencia en lo relativo a honorarios, según surge de las minutas en autos, fué al efecto de que éstos se dejaban a la sana discreción de la corte. Al declarar sin lugar una moción de reconsideración solicitando se modificara la sentencia para que incluyera honorarios del abo-

gado, la corte inferior manifestó que "sería irrazonable condenar a la parte demandada a pagar los honorarios de abogado de la otra parte sin que ésta, previamente a la radicación de la demanda, le haya requerido debidamente para el pago de la pensión, lo cual pudo evitar la radicación de la demanda y las costas del litigio" ya que "prácticamente el demandado se allanó a esta acción de alimentos desde sus comienzos, y la demandante no probó a satisfacción de la Corte que ella ni ninguna otra persona, requirieron al demandado del pago de esta pensión, con anterioridad a la radicación de la demanda."

 No podemos convenir con el tribunal recurrido en que la posición del demandado desde el comienzo de la acción de alimentos el 18 de enero de 1950 fué una "prácticamente" de consentimiento a lo solicitado en la demanda. Si bien el demandado, aquí interventor, estuvo dispuesto a pasar una pensión alimenticia de $20 semanales, reconociendo así las necesidades de sus menores hijos, lo cierto es que fué necesario proseguir la acción en todos sus trámites para que finalmente, luego de convenir en una pensión provisional de $25 semanales, pudieran los menores obtener, también en estipulación con el demandado, igual suma en el pleito de alimentos. El demandado, aún después de radicada la demanda, insistía en que se le condenara únicamente al pago de $20 semanales. Es inevitable, por tanto, la conclusión de que igual actitud hubiera asumido de haber sido requerido previamente por la madre de los menores para que pasara alimentos a sus hijos, y que siempre hubiera sido necesario recurrir a la acción judicial para que se determinara la cuantía de los alimentos, por reclamarse mayor cantidad, y ser necesaria la radicación de una demanda para que pudieran abonarse desde la fecha de su radicación. La propia actuación del demandado reconociendo finalmente que sus hijos necesitaban mayores alimentos nos lleva a la conclusión de que los demandantes no fueron irrazonables al iniciar la acción, aun cuando la posición del demandado no fuera una

de temeridad. Siendo ello así, y constituyendo los honorarios de abogado parte de los alimentos a que tienen derecho los menores bajo el artículo 142 del Código Civil, éstos tienen también derecho a los honorarios de su abogado como parte de tales alimentos, no obstante el hecho de que el demandado no fuera temerario. *Valdés* v. *Tribunal de Distrito*, supra.

*Procede anular la sentencia dictada por la Corte de Distrito de Ponce el 29 de marzo de 1950, objeto de este recurso, en aquella parte en que se excluyen de la misma los honorarios del abogado de los demandantes, debiendo incluirse en su lugar un pronunciamiento para el pago de tales honorarios en la cuantía que determine el tribunal inferior.*

El Juez Asociado Sr. Snyder no intervino.