# 2000 DTA 110

**TRIBUNAL DE CIRCUITO DE APELACIONES
CIRCUITO REGIONAL II - BAYAMON
PANEL II**

VICTOR M. MOLINA FIGUEROA
Peticionario

v.

CARMEN M. RIVERA SANTA
Recurrida

Núm. KLCE-99-00089

San Juan, Puerto Rico, a 29 de febrero de 2000

Panel integrado por su Presidente, el Juez Gierbolini,
el Juez Cordero la Jueza Hernández Torres

Cordero, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

El Sr. Víctor M. Molina Figueroa *("Molina")* nos solicita que revisemos la resolución dictada en corte abierta por el Tribunal de Primera Instancia, Sala Superior de Bayamón, en relación al caso Ex Parte Núm. DDI93-0961 (701). Mediante la misma, el tribunal determinó provisionalmente que debía antenerse en vigor la estipulación de las partes en cuanto a una pensión alimentaria de $250.00 mensuales a favor del estudiante universitario Víctor Molina Rivera. Este último es hijo de Molina y a Sra. Carmen M. Rivera Santa *("Rivera")*.

Luego de estudiado el expediente y analizado el derecho aplicable, se expide el auto solicitado y se confirma la resolución recurrida.

### I

Los litigantes en el presente caso quedaron legalmente divorciados mediante Sentencia de Divorcio dictada el 7 de mayo de 1993, en el caso número DD193-0961 (701), Ex Parte Víctor M. Molina Figueroa/Carmen Miriam Rivera Santa, en el Tribunal Superior de Puerto Rico, Sala de Bayamón. En dicho caso, las partes estipularon una pensión alimentaria de $500.00 para beneficio de Víctor M. Molina Rivera, único hijo menor para esa fecha. Esta pensión sería satisfecha a través de la Administración para el Sustento de Menores *("ASUME")*.

El 20 de enero de 1999, Rivera presentó *"Moción de Desacato"* para reclamar una deuda de $13,800.00 en concepto de pensión alimentaria acumulada hasta ese momento. El Tribunal de Primera Instancia señaló una vista de desacato para el 10 de marzo de 1999. A la misma comparecieron Rivera, Molina, su hijo Víctor M. Molina Rivera *("Víctor")* acompañados de sus respectivos abogados. La representación legal de Víctor anunció que éste estaba estudiando una carrera universitaria y solicitó que se le asignara pensión alimentaria. El Tribunal de Primera Instancia determinó que la solicitud de alimentos, de proceder, sería efectiva el 10 de marzo de 1999. Además, éste señaló una vista para el 20 de abril de 1999 para discutir la reclamación de alimentos de Víctor. También le ordenó a ASUME que reflejara en sus libros que la deuda de era de $10,300.00 al 31 de diciembre de 1998 por parte de Molina y le impuso a éste, además, un plan de pagos de $1,000.00 mensuales efectivo el 1ro. de abril de 1999. Se le apercibió a Molina que de no cumplir con el pago de pensión, se hallaría incurso en desacato y se ordenaría su arresto de inmediato.

En la vista señalada por el tribunal para el 20 de abril de 1999, los abogados de las partes acordaron: (a) una

pensión provisional de $250.00 quincenales efectiva el 10 de marzo de 1999 para beneficio de Víctor, y (b) un período de quince (15) días a Molina para pagar las pensiones de marzo y abril. El tribunal, por su parte, señaló la vista en su fondo para el 1ro. de junio de 1999. En ésta, a la que no acudieron ni Molina ni su abogado, el Juez de Primera Instancia hizo las siguientes determinaciones:

*"1) Fijó la pensión para el joven Víctor en $250.00 mensuales;*

*2) Señaló Vista en su Fondo para Fijación de Pensión para el 3 de agosto de 1999;*

*3) Dejó en suspenso la imposición de Honorarios de Abogados hasta la vista señalada;*

*4) Ordenó a Molina que a partir de los diez días siguientes a la notificación, presentara su Planilla de Información Personal y Económica;*

*5) Encontró a Molina incurso en desacato civil y ordenó su arresto hasta que pagase la totalidad de lo adeudado."*

A consecuencia de la orden de arresto, Molina fue ingresado en la Cárcel Regional de Bayamón y estuvo detenido allí por doce (12) horas. El 3 de junio de 1999, el licenciado Rivera Colomer, en representación de Molina, presentó *"Moción Informativa sobre Razones por Incomparecencia y Solicitud de Reconsideración"* respecto a las actuaciones del Tribunal de Primera Instancia. Este presentó, además, *"Moción de Renuncia de Representación Legal"*.

El 9 de junio de 1999, el Tribunal de Primera Instancia dejó sin efecto, por académica, la encarcelación de Molina, señaló la vista para el 3 de agosto de 1999 y aceptó la renuncia del licenciado Rivera Colomer. El 2 de agosto de 1999, Molina presentó ante el Tribunal de Primera Instancia *"Moción Consignando Pensión Provisional bajo Protesta"*, donde alegó que su hijo, Víctor, no reunió los requisitos para que se le proveyeran alimentos. ■ Al día siguiente, se celebró la Vista de Fijación de Pensión, a la que comparecieron todas las partes con sus representaciones legales, excepto Molina, quien compareció por derecho propio. Este último argumentó que su hijo no había completado todos los créditos universitarios, por lo que solicitaba que se le relevara de la pensión alimentaria. El Tribunal de Primera Instancia determinó que procedía la solicitud de alimentos e impuso a Molina el pago de $800.00 en honorarios de abogado. Además, señaló para el 23 de agosto de 1999 la vista final de pensión alimentaria.

## II

No conforme con ello, Molina acude ante este Tribunal señalando la comisión por el Tribunal de Primera Instancia de los siguientes errores:

*"Erró el Tribunal de Instancia al determinar que procedía la pensión alimentaria a pesar de que el solicitante no era, a la fecha de la petición, un estudiante regular universitario.*

*Erró el Tribunal de Instanciá al permitir en este proceso la intervención de Rivera y su abogada con posterioridad a que el joven Víctor alcanzara la mayoría de edad, promoviendo la primera constantes peticiones de desacato cuando esto le correspondía a su hijo.*

*Erró el Tribunal de Instancia al imponerle al peticionario el pago de $800.00 en concepto de Honorarios de Abogado."*

Encontrándonos en posición de resolver, así lo hacemos.

## III

Los casos de alimentos a hijos menores de edad están revestidos del más alto interés público. *López v. Rodríguez*, 121 D.P.R. 23, 28 (1980); *Negrón Rivera v. Bonilla, Ex parte*, 120 D.P.R. 61, 71 (1987). La obligación de los padres de proveer alimentos a sus hijos emana de los artículos 153 y 143 del Código Civil, 31 L.P.R.A. secs. 601, 562, respectivamente. El Tribunal Supremo ha interpretado que es claramente distinguible la obligación del alimentante que surge de estas disposiciones en lo que respecta a los hijos sobre los cuales se tiene la patria potestad y sobre los que no se tiene. *Guadalupe Viera v. Morell*, 115 D.P.R. 4, 12 (1983). El artículo 153 del Código Civil, 31 L.P.R.A. sec. 601, impone la obligación alimentaria a los padres que ostentan la patria potestad, mientras que el artículo 143, 31 L.P.R.A. sec. 562, fija la responsabilidad del padre que no cuenta con el ejercicio de la patria potestad y custodia. *Rodríguez Amadeo v. Santiago Torres*, **93 J.T.S. 106**, a la pág. 10986; *Guadalupe Viera v. Morell*, 115 D.P.R. 4, 13-14 (1983).

Cuando se trata de la responsabilidad de alimentar que surge del artículo 153, 31 L.P.R.A. sec. 601, esto es, del ejercicio amplio de la patria potestad, el derecho de alimentos no dependerá del estado de necesidad del hijo. Ello significa que, aun cuando éste posea los medios suficientes para su sostenimiento, tiene derecho a ser alimentado por sus padres con patria potestad. *Guadalupe Viera v. Morell, supra*, a la pág. 13. Esta fuente de obligación se extingue con la emancipación del menor. *Rodríguez Amado v. Nydia Santiago Torres*, **96 J.T.S. 106**, a la pág. 10896.

Por otro lado, el artículo 143, 31 L.P.R.A. sec. 562, se refiere a la obligación del padre o de la madre de hijos no emancipados que no viven en su compañía y sobre los cuales no tienen la patria potestad. Esta obligación es independiente de la edad que tengan los hijos, siempre que éstos tengan necesidad de alimentos y que el alimentante cuente con los recursos para proveerlos. *Guadalupe Viera v. Morell, supra*, a la pág. 13. Tanto el estado de necesidad del hijo como la condición económica del padre alimentante son fundamentales al determinar si procede una reclamación de alimentos bajo el artículo 143, 31 L.P.R.A. sec. 562. *Id.* Lo que requiere éste artículo es que el menor tenga necesidad de una pensión alimentaria. Como bien dice el Tribunal Supremo en *Rodríguez Amado v. Santiago Torres, supra*, a la pág.10896:

*"Dicha pensión no cesará automáticamente con la emancipación del menor, ni en el caso de que éste llegue a la mayoría de edad. Puede extenderse después del hijo cumplir la mayoría de edad si se dan las circunstancias expresadas en Key Nieves v. Oyola Nieves, supra. Hay que tener presente que el Artículo 142 del Código Civil, 31 L.P.R.A. sec. 561, define alimentos como "...todo lo que es indispensable para el sustento, habitación, vestido y asistencia médica según la posición social de la familia. Los alimentos comprenden también la educación e instrucción del alimentista cuando es menor de edad."*

Por otro lado, en *Key Nieves v. Oyola Nieves*, 116 D.P.R. 261, 265 (1985), el Tribunal Supremo añade que existe un deber legal para todo padre o madre de proveer los medios económicos necesarios para la educación de un hijo. Este debe ser siempre proporcional a los recursos del alimentante y a las necesidades del alimentista y no puede cesar, *"ipso facto"*, meramente por el hecho de que el hijo ha alcanzado la mayoría de edad. *Id.*, 265. Sobre el particular, nos dice el tribunal: *"Resolver lo contrario, representaría darle la espalda, cuando menos, a una realidad escolar particular de nuestra vida puertorriqueña y a una que es válida y aplicable mundialmente." Id.* En este caso, el tribunal entendió que el hijo que desee asistencia para proseguir estudios postgraduados, deberá demostrar que es acreedor de tal asistencia. Para ello se tomará en cuenta la actitud demostrada, los esfuerzos realizados y la aptitud manifestada para los estudios que desea proseguir, a base de los resultados académicos obtenidos y la razonabilidad del objetivo deseado. *Id.*, 267. El Tribunal de Primera Instancia está obligado a darle un exigencia estricta a estos factores. Luego de examinadas estas circunstancias, el tribunal podrá fijar la suma por concepto de alimentos que considere procedente o si alguna.

En el caso ante nos, la obligación alimentaria proviene del artículo 143 del Código Civil, 31 L.P.R.A. sec. 562. Esto significa que el deber de proveer alimentos depende de la necesidad del menor y no del hecho de su minoridad.

Conforme a lo estipulado por las partes, Víctor adquirió la mayoría de edad el 30 de agosto de 1998, por lo que Molina solicitó que se le relevara del pago de la pensión alimentaria. Es por ello que Víctor compareció por conducto de su representación legal a la vista pautada para el 3 de agosto de 1998 y solicitó que se continuara con la pensión alimentaria para poder continuar con sus estudios universitarios. El Tribunal de Primera Instancia estableció una pensión de $250.00 mensuales. Según señalamos anteriormente, Molina presentó por derecho propio una *"Moción Consignando Pensión Provisional bajo Protesta"* en la que argumentó que su hijo no era acreedor de los beneficios de una pensión alimentaria para continuar sus estudios. Molina señaló que cuando su hijo cumplió la mayoría de edad no era un estudiante regular de la Universidad del Sagrado Corazón, ya que en el año académico 98-99 aprobó sólo doce (12) créditos. El Tribunal de Primera Instancia, luego de escuchar en corte abierta las alegaciones de ambas partes, determinó que sí procedía la solicitud de alimentos. Molina alega que erró el Tribunal de Primera Instancia, ya que los criterios establecidos por el Tribunal Supremo en *Key Nieves v. Oyola, supra*, no fueron satisfechos.

El Tribunal de Primera Instancia no cometió tal error, ya que entendemos que lo que fijó fue una pensión provisional. Del expediente del caso no surge prueba específica sobre el aprovechamiento académico de Víctor. Molina provee una Certificación de Estudios del 20 de julio de 1999 que establece que Víctor se había matriculado originalmente en doce (12) créditos durante ese semestre, de los cuales se había dado de baja de seis (6). El Tribunal de Primera Instancia tuvo la oportunidad de escuchar las alegaciones hechas por la representación legal de Víctor sobre las circunstancias especiales que mediaron en este caso y las de Molina. Luego de escuchar a las partes, el tribunal consideró que Víctor era acreedor de la responsabilidad económica paterna, a la luz del artículo 143 del Código Civil, 31 L.P.R.A. sec. 562, y como hemos señalado, emitió una pensión provisional.

El foro apelativo no habrá de intervenir con la apreciación de la prueba en ausencia de pasión, prejuicio, parcialidad o error manifiesto, a menos que un análisis integral de la prueba así lo requiera. *Pueblo v. Cabán Torres,* 117 D.P.R. 645, 648 (1986). En el caso ante nos, no encontramos esos elementos en la decisión del tribunal recurrido, por lo que, en ausencia de los elementos de juicio para entender lo contrario, no intervendrenos con la decisión de dicho tribunal de mantener la obligación, provisionalmente, como alimentante de Molina para con su hijo Víctor. Nuestro ánimo lo mueve el hecho de que **no** sólo existe, hasta ahora, un dictamen provisional. Sin embargo, antes de considerarse para Víctor una pensión fija, el Triunal de Primera Instancia deberá celebrar una vista y asesorarse, mediante prueba documental y testifical, del estricto cumplimiento por parte de Víctor con los requisitos del caso de *Key Nieves v. Oyola Nieves, supra*. El Tribunal de Primera Instancia deberá verificar la capacidad de Víctor para trabajar y ayudarse a pagar sus propios estudios. Además, Víctor deberá traer consigo copia certificada de su récord escolar, demostrar sus esfuerzos, si alguno, para conseguir trabajo, becas y préstamos para estudiantes del gobierno.

## IV

Molina, además, alega que el Tribunal de Primera Instancia erró al permitir la Intervención de Rivera en el pleito, luego que el hijo de ambos alcanzara la mayoría de edad. Al respecto, nos dice el Tribunal Supremo que una madre que ya no ostenta la patria potestad sobre un menor, por haber alcanzado éste la mayoría de edad, no goza de la capacidad para presentar una solicitud de alimentos en su nombre. *Ríos Rosario v. Vidal Ramos,* **93 J. T.S. 113,** a la pág. 10960, __ D.P.R. __ (1993). Sin embargo, esto no implica que el alimentista deba iniciar un nuevo procedimiento al advenir a la mayoría de edad para poder continuar recibiendo la misma. En el caso ante nos, tan pronto Víctor alcanzó la mayoría de edad, éste compareció ante el Tribunal de Primera Instancia a través de su propia representación. Rivera continuó en el pleito porque tenía un interés en recobrar lo adeudado por Molina en concepto de pensiones no pagadas mientras el hijo de ambos era menor de edad. La Regla 21.1 de Procedimiento Civil., 32 L.P.R.A. Ap. III, reconoce que le asiste el derecho de intervención en un pleito a cualquier persona cuando ésta reclame algún derecho o interés que pueda quedar afectada por la disposición final del pleito. ■ Por tanto, fue correcto incluir a Víctor en el pleito y Rivera continuar en el pleito, luego de que su hijo alcanzó la mayoría de edad por su interés en recobrar lo adeudado por Molina.

Molina también alega que la imposición de honorarios no procedía. Nuevamente no le asiste la razón. El

Tribunal Supremo ha establecido que el concepto de alimentos incluye honorarios de abogado de los menores en una acción para reclamar los mismos, sin importar si el demandado actuó o no con temeridad. *Guadalupe Viera v. Morell*, 115 D.P.R. 4, 14 (1983); *Conesa v. Corte*, 72 D.P.R. 68, 72 (1951); *Valdés v. Tribunal de Distrito*, 67 D. P.R. 310, 312 (1947). La Ley Orgánica de la Administración para el Sustento de Menores también indica que el tribunal deberá imponer al alimentante el pago de honorarios de abogado cuando el alimentista prevalezca. Art. 22, Ley Especial de Sustento de Menores, 8 L.P.R.A. 521.

La imposición de los honorarios de abogado es para proteger los derechos de los alimentistas, imponer la carga del pago de los honorarios a los alimentantes y compensar la labor social que realizan los abogados en los casos de relaciones de familia. Torres Peralta, Sarah, *La Ley Especial de Sustento de Menores y el Derecho de Alimentos en Puerto Rico*, Publicaciones STP, INC., San Juan, 1997, págs. 1.30 a la 1.32. En el caso ante nos, Víctor, aunque ya es mayor de edad, mereció, según el criterio del Tribunal de Primera Instancia, ser acreedor de alimentos provisionales para proseguir con sus estudios universitarios. Por tanto, como parte de los alimentos a los que él tiene derecho a recibir, están incluidos los honorarios de abogado. La concesión de honorarios para el pago a la representación legal de Rivera también procede. Rivera necesitó su abogada para que la representara en el pleito, a los fines de reclamar una deuda de alimentos no pagada por Molina durante la minoridad de su hijo.

Finalmente, el Tribunal Supremo ha resuelto que la partida de honorarios de abogado concedida por un Tribunal de Primera Instancia no se alterará en apelación, a menos que la misma sea excesiva, exigua o constituya un abuso de discreción. *Ramírez Anglada v. Club Cala de Palmas*, 123 D.P.R. 339, 350 (1989). En el caso ante nos, estas circuntancias no estuvieron presentes. Tomando esto en consideración, junto con los fundamentos antes expuestos, concluimos que el Tribunal de Primera Instancia no erró al imponerle el pago de honorarios de abogado al alimentante.

## V

Por los fundamentos antes expuestos, se expide el auto de *certiorari*, se confirma la resolución del Tribunal de Primera Instancia y se devuelve el caso al foro recurrido para que proceda según lo aquí resuelto.

Lo acuerda y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General