Feliciano Acevedo. Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
I
Helga Duprey Torres apela la determinación del Tribunal de Primera Instancia, Sala Superior de Aguadilla, de 2 de mayo de 2001, en la cual se ordena un aumento en la pensión alimentaria recibida por los menores, hijos de las partes del epígrafe. El 7 de septiembre de 1999, la apelante solicitó al foro de instancia revisión de la pensión alimentaria de quinientos dólares ($500.00) establecida el 25 de agosto de 1999. Así las cosas, el foro a quo señaló vista ante la Oficial Examinadora la cual se celebró el Io de marzo de 2001.
El 16 de marzo de 2001, la Oficial Examinadora rindió el “Informe, Determinaciones de Hechos, Derecho y *1109 Recomendaciones” acogido en la resolución apelada. La Oficial Examinadora evaluó la situación económica de las partes involucradas. Luego de hacer el cómputo correspondiente y utilizar las guías mandatorias, concluyó que la pensión ascendería a mil ochenta y cinco dólares ($1,085.00), desglosados en novecientos cincuenta y ocho dólares ($958.00) de pensión básica y ciento veintisiete dólares ($127.00) de aportación suplementaria a la renta. No obstante, la Oficial Examinadora recomendó no utilizar las guías mandatorias en justicia a las partes y que en su lugar se aumente la pensión previamente establecida a la cantidad de seiscientos dólares ($600.00) efectivo al 7 de septiembre de 1999. La Oficial Examinadora justificó su recomendación apuntando a que el ingreso global del apelado y su actual cónyuge asciende a dos mil quinientos treinta y cinco dólares con setenta y ocho centavos ($2,535.78) y de ahí éstos tienen que cumplir con una serie de gastos fijos. La Oficial Examinadora restó los gastos fijos correspondientes a unos préstamos que ascienden a mil doscientos noventa y dos dólares con sesenta y cuatro centavos ($1,292.64), los cuales, al ser restados del ingreso global, dejan disponible mil doscientos cuarenta y tres dólares con catorce centavos ($1,243.14) para el pago de pensión alimentaria y los gastos ordinarios de alimentos, energía eléctrica, agua, medicamentos, etc. 
En síntesis, la apelante aduce que el TPI erró al emitir resolución aceptando las determinaciones de hechos, conclusiones de derecho y recomendaciones de la Examinadora de Pensiones Alimentarias siendo las mismas contrarias a derecho por no utilizar las Guías Mandatorias, incluir dentro de las deducciones realizadas deudas personales de los apelados, no tomar en consideración prueba documental y testifical para demostrar otros ingresos del apelado y su estilo de vida, y finalmente, no conceder honorarios de abogados.
Luego de evaluar los alegatos de ambas partes, documentos pertinentes y el derecho aplicable, resolvemos modificar la resolución apelada en la forma en que detallamos más adelante. Por estar intrínsecamente relacionados, los primeros tres señalamientos de error se atenderán conjuntamente.
II
Reiteradamente, el Tribunal Supremo de Puerto Rico ha manifestado que los casos de alimentos a hijos menores de edad están revestidos del más alto interés público. Figueroa Robledo v. Rivera Rosa, 99 J.T.S. 165. Asimismo, ha expresado que el deber de alimentar a los hijos sujetos a la patria potestad surge del Art. 153 del Código Civil, 31 L.P.R.A. § 601, el cual se arraiga en profundas consideraciones de base moral como lo son el amor, auxilio y la solidaridad familiar. Esto se extiende a proveerle a los menores todo lo indispensable para su sustento, habitación, vestido y asistencia médica, según la posición social de la familia. Art. 142 del Código Civil, 31 L.P.R.A. § 561. Incluye, además, tanto las necesidades físicas como las intelectuales. Chévere v. Levis, 2000 J. T.S. 175; Ríos Rosario v. Vidal Ramos, 134 D.P.R. 3 (1993); Viera v. Morell, 115 D.P.R. 4 (1983).
Del análisis de los señalamientos de error presentados por la apelante, se desprende que éstos, en esencia, constituyen una impugnación de la apreciación que hiciera el juez de instancia, al acoger el Informe de la Oficial Examinadora, de la evidencia desfilada durante la vista celebrada. Procede entonces discutir las normas jurídicas aplicables a controversias de esta índole.
Es un principio jurídico sostenido el que postula que toda sentencia está acompañada de una presunción de corrección. Vargas Cobián v. González Rodríguez, 2000 J.T.S. 10; Cortés Piñeiro v. Sucesión A. Cortés, 83 D.P. R. 685 (1961). Dicho precepto va unido al hecho de que los jueces de instancia son quienes están en mejor posición de aquilatar la prueba. Por tal razón, la apreciación que éstos hagan de la evidencia desfilada en los procedimientos judiciales ante sí merece gran respeto y deferencia por parte de los foros apelativos. Pueblo v. Miranda Ortiz, 117 D.P.R. 188 (1986)
Como corolario de los postulados antes reseñados, se ha resuelto que en ausencia de error manifiesto, prejuicio, parcialidad o pasión, los foros, apelativos no intervendrán con dicha apreciación de la prueba. Benítez Guzmán v. García Merced, 126 D.P.R. 302 (1990); Rivera Pérez v. Cruz Corchado, 119 D.P.R. 8 (1987); Pueblo v. Miranda Ortiz, supra; Ex Parte Valencia, 116 D.P.R. 909 (1986); Rodríguez Cancel v. A.E.E., 116 D.P.R. 443 (1985). Así, pues, este Tribunal no debe intervenir en las determinaciones de hechos de los foros de instancia, *1110 salvo en las circunstancias antes mencionadas, sustituyendo así el criterio del juzgador ante quien declararon los testigos y quien tuvo la oportunidad de verlos declarar y apreciar su demeanor. Sánchez Rodríguez v. López Jiménez, 116 D.P.R. 172 (1985); Pérez Cruz v. Hospital La Concepción, 115 D.P.R. 721 (1984); Vélez v. Secretario, de Justicia, 115 D.P.R. 533 (1984); Ramos Acosta v Caparra Dairy, Inc., 113 D.P.R. 357 (1982).
Sin embargo, aunque el arbitrio del juzgador de hechos es respetable y merece deferencia, no es absoluto y una apreciación errónea de la prueba no tiene credenciales de inmunidad frente a la función revisora de los foros apelativos. Rivera Pérez v. Cruz Corchado, supra. Por ello, aunque haya evidencia que sostenga las conclusiones de hecho del foro apelado, si de un análisis de la totalidad de la evidencia este Tribunal queda convencido que se cometió un error, como cuando las conclusiones están en conflicto con el balance más racional, justiciero y jurídico de la totalidad de la evidencia recibida, éstas han de considerarse claramente erróneas. Abudo Servera v. A.T.P.R., 105 D.P.R. 728 (1977).
La Ley Especial de Sustento de Menores dispone que al determinar los recursos económicos del alimentante, se tomará en consideración, además del ingreso neto ordinario, el capital o patrimonio total de éste. 8 L.P.R.A. § 518. Establece que la pensión alimentaria, resultante de la aplicación de las guías, se presumirá justa, adecuada y en el mejor interés del menor. Dicha presunción puede ser controvertida por la parte basándose en prueba que tienda demostrar que la aplicación de las guías provoca un resultado injusto o inadecuado. Véase, Sara Torres Peralta, La Ley Especial de Sustento de Menores y el Derecho de Alimentos en Puerto Rico, Publicaciones STP, 1997, en las secciones 9.4 y 9.5. El Art. 19 de la Ley añade, en lo pertinente, que:

“Si a base de la evidencia presentada para rebatir la presunción, el tribunal o el Administrador, según sea el caso, determinara que la aplicación de las guías resultara en una pensión alimentaria injusta o inadecuada, así lo hará constar en la resolución o sentencia que emita y determinará la pensión alimentaria luego de considerar, entre otros, los siguientes factores:

(1) los recursos económicos de los padres y del menor;

(2) la salud física y emocional del menor, sus aptitudes educacionales o vocacionales;

(3) el nivel de vida que hubiera disfrutado el menor si la familia hubiera permanecido intacta;

(4) las consecuencias contributivas para las partes, cuando ello sea práctico y pertinente, y

(5) las contribuciones no monetarias de cada padre al cuidado y bienestar del menor.

También hará constar cuál hubiera sido el monto de la pensión resultante al aplicar las Guías Mandatorias para Fijar y Modificar Pensiones Alimentarias en Puerto Rico adoptadas según dispone este Capítulo. 8 L.P.R.A. §518.”

Nos comenta la Leda. Torres Peralta que una vez determinada la inaplicabilidad de las guías, la determinación del tribunal deberá'expresar que la aplicación de las guías redundaría en una cuantía injusta (la cual debe estar señalada en la resolución), los criterios para concluir ello y la cuantía que finalmente se asigna. Sara Torres Peralta, supra, en la sección 9.6.
La apelante alega que el apelado no presentó prueba alguna que derrote la presunción dé corrección de las guías y cuestiona que se asigne como pensión una cantidad menor a la que resulta del cómputo con las guías. Añade, que la pensión asignada es perjudicial, dañina y que deja en estado de indefensión a los menores. El apelado reconoce el derecho de trasfondo constitucional que tienen sus hijos a percibir alimentos. Sin embargo, argumenta que la utilización de las guías mandatorias provocaría una pensión inadecuada a las circunstancias del caso. Arguye que los criterios establecidos en el Art. 19 de la Ley Especial de Sustento de Menores, 8 L.P.R.A. § 518, no son absolutos o excluyentes de otras circunstancias que permitan rebatir la presunción de adecuacidad de *1111 la pensión producto del uso de las guías.
En el caso de autos, el TPI acogió el informe de la Oficial Examinadora en la cual ésta hace un desglose de cada una de los ingresos y las obligaciones de ambas partes. Especificó la pensión alimentaria producto del cómputo de las guías y recomendó un cambio a la pensión previamente establecida, pero por una cantidad menor a la sugerida por el cómputo con las guías. Llanamente expresó que:

“Un simple cálculo matemático nos permite ver lo siguiente. El ingreso global de ambos promovidos es de $2,535.78. Una vez le resten los gastos fijos de préstamos que sumen $1,292.64, le queda un sobrante de $1,243.14. A esta suma se le restan $600.00 que es la pensión alimentaria recomendada, lo que le deja un neto disponible de $643.14 para gastos de alimentos, energía eléctrica, agua, teléfono, medicamentos, etc. del matrimonio.

En justicia, no podemos apretar más la situación económica de la parte promovida.” 
No hallamos base para sustituir el criterio de la Examinadora. De las determinaciones de hechos realizadas por la Oficial Examinadora se desprende la cantidad y cuantía de las obligaciones del apelado. Nuestro más alto foro judicial en Galarza v. Mercado, 139 D.P.R. 619 (1995), no aceptó que se incluyera, como deducción permitida, pensiones alimentarias previamente establecidas a favor de otros hijos con el propósito de no crear diferencias entre éstos. En el caso ante nos, es otra la situación fáctica que nos mueve a considerar prudente y sabia la determinación del TPI. Ignorar la situación económica de dicha parte sería aplicar inflexiblemente e insensiblemente las guías. Ciertamente, utilizar las guías mandatorias ocasionaría un estado crítico en el presupuesto disponible del apelado para sufragar sus necesidades. Ello conllevaría a crear más tensión entre las partes, además de que podría redundar en el incumplimiento con alguna de las obligaciones, incluyéndose la de proveer alimentos a los menores.
III
La apelante levanta como último error que el TPI no asignó una,cantidad por.honorarios de abogados, a pesar de haber sido solicitados. El apelado reconoce la doctrina de incluir como alimentos los honorarios de abogados en litigios como el de marras. Sin embargo, alega no haber incurrido en temeridad o frivolidad y solicita prudencia en la imposición de los mismos.
El Art. 22 de la Ley Especial para el Sustento de Menores, 8 L.P.R.A. § 521, inciso (1), dispone que:

“En cualquier procedimiento bajo este capítulo para la fijación o modificación de una pensión alimentaria o para hacer efectiva una orden de pensión alimentaria, el Tribunal, el Administrador o el Juez Administrativo, deberá imponer al alimentante el pago de honorarios de abogado a favor del alimentista cuando éste prevalezca. ”

En Guadalupe Viera v. Morell, 115 D.P.R. 4, 14 (1983), nuestro más alto foro se expresó sobre los honorarios de abogado y citamos:
"El concepto de alimentos cubre también los honorarios de abogado de los menores en una acción para reclamar alimentos, sin que sea necesario que el demandado actúe con temeridad al defenderse de la reclamación. Conesa v. Corte, 72 D.P.R. 68 (1951); Valdés v. Tribunal de Distrito, 67 D.P.R. 310 (1947)."
Siendo clara la norma relacionada a los honorarios de abogados en los litigios sobre pensiones alimentarias, tenemos que concluir que erró TPI al no concederlos como parte de los alimentos.
rv
A la luz del derecho antes expuesto, se modifica la sentencia apelada concediendo honorarios de abogados por la cantidad de mil dólares ($1,000.00), y así modificada se confirma en todos sus demás aspectos la *1112 resolución emitida el 2 de mayo de 2001 por el Honorable Tribunal de Primera Instancia, Sala Superior de Aguadilla.
Lo acordó el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIOS 2002 DTA 69
1. En adelante el TPI.
2. Véase “Informe, Determinaciones de Hechos, Derecho y Recomendaciones” de 16 de marzo de 2001.
3. Informe, Determinaciones de Hechos, Derecho y Recomendaciones, Anejo 7, en la pág. 13 de Apelación.