Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL
OATA-2023-131[1]

| | | |
|---|---|---|
| ARANZA M. RIVERA SANTIAGO<br><br>Apelado<br><br>v.<br><br>RAMÓN L. RIVERA ORTIZ<br>Apelante<br><br>HALMERIE SANTIAGO CANCEL | KLAN202300349 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso Núm. PO2021RF00513<br><br>Sobre: Alimentos entre parientes |

Panel integrado por su presidenta, la Jueza Mateu Meléndez, el Juez Marrero Guerrero y el Juez Cruz Hiraldo.

Cruz Hiraldo, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 16 de enero de 2024.

Comparece la parte apelante, Ramón L. Rivera Ortiz, para solicitarnos que se revoque la *Sentencia Enmendada* dictada el 20 de marzo de 2022, notificada el 21 de marzo de 2023, por el Tribunal de Primera Instancia, Sala Superior de Ponce, en la cual declaró con lugar la demanda sobre alimentos entre parientes.

Por los fundamentos que exponemos a continuación, se confirma la *Sentencia Enmendada* apelada.

I

El 26 de junio de 2021, la Sra. Rivera Santiago instó una *Demanda* sobre alimentos entre parientes en contra de su progenitor, el Sr. Rivera Ortiz. En la *Demanda* se alegó que la Sra. Rivera Santiago estaba cursando estudios profesionales ininterrumpidamente desde que alcanzó la mayoría de edad. Adicionalmente, se alegó que el Sr. Rivera Ortiz poseía los medios económicos necesarios para el pago de una pensión alimentaria y

---

[1] Mediante la Orden Administrativa OATA-2023-131 se designa al Juez Joel A. Cruz Hiraldo en sustitución del Juez Roberto Rodríguez Casillas.

que la Sra. Rivera Santiago necesitaba de ello por los gastos de estudios universitarios. Posteriormente, la *Demanda* fue enmendada para incluir a Sra. Santiago Cancel, la madre de la demandante, como parte indispensable. Según las alegaciones enmendadas, la Sra. Santiago Cancel tenía un acuerdo previo con la demandante y que le pagaba una pensión de $300.00 a $400.00.

El 5 de mayo de 2022, el Sr. Rivera Ortiz presentó una *Contestación a Demanda Enmendada,* en la cual alegó que la demandante no necesitaba pensión alimentaria debido a que trabajaba, tenía con negocio propio y contaba con ingresos suficientes para sufragar sus estudios. Luego de varios trámites procesales y un descubrimiento de prueba, el Tribunal de Primera Instancia celebró juicio el 29 de agosto de 2022 y el 9 de septiembre de 2022.

Así las cosas, el 12 de diciembre de 2022, notificada el 14 de diciembre de 2023, el Tribunal de Primera Instancia dictó *Sentencia.* Como parte de las determinaciones de hecho, el Foro de Instancia señaló que el Sr. Rivera Ortiz no le paga pensión alimentaria, que ascendía a **$450.00**, a la demandante desde que cumplió los veintiún (21) años, el 27 de marzo de 2021. Basándose en la evidencia admitida a través de los procedimientos, el foro primario entendió que la demandante tenía necesidades económicas y que, al amparo del Artículo 655 del Código Civil[2] y la jurisprudencia, procedía declarar Ha Lugar a la demanda de alimentos en contra del Sr. Rivera Ortiz, imponiéndole el pago de una pensión alimentaria de $400.00 a partir del 26 de junio de 2021, fecha en que se radicó la *Demanda.* En adición, se le impuso

---

[2] Art. 655 del Código Civil de Puerto Rico de 2020, Ley Núm. 55-2020, según enmendada, 31 LPRA § 7533.

la cantidad de $3,000.00 al Sr. Rivera Ortiz en concepto de gastos de litigio y honorarios de abogado.

El 29 de diciembre de 2022, el Sr. Rivera Ortiz presentó una *Reconsideración y Solicitud de Determinaciones de Hechos Adicionales*. En primer lugar, se levantó que se dictó sentencia únicamente en contra del Sr. Rivera Ortiz mientras que se hizo caso omiso a la Sra. Santiago Cancel, por lo que solicitó que se dictara sentencia que la incluyera para así establecer su obligación de alimentar conforme a lo acordado entre la demandante y Sra. Santiago Cancel. En adición, el Sr. Rivera Ortiz impugnó la imposición de $3,000.00 en concepto de gastos del litigio y honorarios de abogados, arguyendo que nunca se obró con temeridad que justificara dicha imposición y que la demandante tampoco presentó un memorando de costas conforme a la Regla 44 de Procedimiento Civil[3]. Por último, el Sr. Rivera Ortiz indicó que el Tribunal de Primera Instancia incidió al no incluir en sus determinaciones de hechos los gastos de matrícula, las ayudas económicas, préstamos estudiantiles y los ingresos de la demandante al determinar o computar la pensión alimentaria por entenderlos necesarios.

Luego de las oposiciones por la demandante y codemandada, el 20 de marzo de 2023, notificada al día siguiente, el Foro de Instancia emitió una *Resolución* y en esta le impuso la pensión alimentaria de $300.00 a la Sra. Santiago Cancel, declaró No Ha Lugar a la reconsideración sobre honorarios de abogado e hizo determinaciones de hechos adicionales. Simultáneamente, el Tribunal de Primera Instancia dictó una *Sentencia Enmendada* donde incorporó las determinaciones de hechos adicionales y añadió la respectiva imposición de pensión alimentaria a la Sra. Santiago Cancel.

---

[3] 32 LPRA Ap. V, R. 44.

Inconforme, el 20 de abril de 2023, el Sr. Rivera Ortiz presentó su apelación ante nos con los siguientes señalamientos de error:

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL IMPONER $3,000.00, POR CONCEPTO DE GASTOS Y HONORARIOS DE ABOGADOS, PRIMERO SIN EXISTIR MEMORANDO DE GASTOS CONFORME A DERECHO Y EN SEGUNDO LUGAR, EN NINGÚN LUGAR DE LA SENTENCIA COMO TAMBI[É]N LA SENTENCIA ENMENDADA SE SEÑALA QUE LA PARTE CO DEMANDADA [sic] AQUÍ APELANTE EL SR. RAMÓN L. RIVERA ORTIZ, HAYA OBRADO EN EL CASO CON TEMERIDAD PARA LA CONCESIÓN DE HONORARIOS DE ABOGADOS.
>
> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL NO INCLUIR EN SUS DETERMINACIONES DE HECHOS LOS GASTOS ESPEC[Í]FICOS DE MATRÍCULA POR TRIMESTRE DE LA DEMANDANTE, GASTOS ESENCIALES PARA LA CONCESIÓN DE ALIMENTOS ENTRE PARIENTES PARA ESTUDIOS, COMO TAMPOCO MENCIONAR EN LAS DETERMINACIONES DE HECHOS LAS AYUDAS ECONÓMICAS, PR[É]S[T]AMOS ESTUDIANTILES, PARA LA DETERMINACIÓN Y/O C[Ó]MPUTO DE LA APORTACIÓN DEL SR. RAMÓN L. RIVERA ORTIZ.
>
> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA, AL NO INCLUIR EN SUS DETERMINACIONES DE HECHOS LOS INGRESOS DETALLADOS DE LA DEMANDANTE QUIEN TRABAJA, PARA LA DETERMINACIÓN Y/O C[Ó]MPUTO DE LA APORTACIÓN DEL SR. RAMÓN RIVERA ORTIZ.

Transcurridos los términos para las partes apeladas comparecer, éstas no comparecieron por lo cual prescindimos de sus escritos y damos por perfeccionado el recurso de epígrafe. Examinado el expediente en su totalidad, procedemos a establecer el derecho aplicable y resolver.

## II

### A. *La obligación alimentaria entre parientes y los gastos de reclamación*

En nuestro ordenamiento jurídico, la obligación de satisfacer las pensiones alimentarias a favor de menores de edad está

revestida del más alto interés público.[4] En numerosas ocasiones el Tribunal Supremo ha reconocido que esta clase de reclamo constituye parte del derecho a la vida consagrado en nuestra Constitución.[5] Estatutariamente, la obligación alimentaria a favor del menor de edad se encuentra en el Artículo 590(b) de la Ley núm. 55-2020, conocida como el Código Civil de Puerto Rico de 2020[6], y regulada por la Ley Núm. 5 de 30 de diciembre de 1986[7].

En lo pertinente al caso ante nos, nuestro Código Civil en su Artículo 655[8] establece que si el alimentista alcanza su mayoridad mientras cursa ininterrumpidamente estudios profesionales, la obligación alimentaria sobre este se extiende hasta que obtenga el grado o título académico o técnico correspondiente o hasta que alcance los veinticinco (25) años de edad, cual ocurra primero, a discreción del juzgador y dependiente a las circunstancias de cada caso. En otras palabras, la obligación alimentaria entre parientes bajo estas circunstancias no se extingue al alcanzar la mayoridad, sino que se extiende hasta obtener el grado o título objeto de los estudios o hasta alcanzar la edad de veinticinco (25) años. Cierto es, la extensión puede estar sujeto a la discreción del juzgador, sea judicial o administrativo, y varía por las circunstancias particulares de cada caso.

Ahora bien, es norma reiterada por la jurisprudencia y adoptada estatutariamente que la obligación alimentaria incluye el pago de una partida para cubrir los honorarios de abogado, sin necesidad de que el demandado actúe con temeridad al

---

[4] *Umpierre Matos v. Juelle Abello*, 203 DPR 254, 265 (2019); *Díaz Ramos v. Matta Irizarry*, 198 DPR 916, 927 (2017); *Rodríguez Rivera v. De León Otaño*, 191 DPR 700, 711 (2014).

[5] Art. II, Sec. 7, Const. ELA [Const. PR], LPRA, Tomo 1; *Umpierre Matos v. Juelle Abello, supra*, pág. 266; *Torres Rodríguez v. Carrasquillo Nieves*, 177 DPR 728, 738 (2009).

[6] Art. 590(b) del Código Civil de Puerto Rico de 2020, Ley Núm. 55-2020, según enmendada, 31 LPRA § 7242(b).

[7] Ley Orgánica de la Administración Para el Sustento De Menores, Ley Núm. 5 de 30 de diciembre de 1986, según enmendada, 8 LPRA § 501 et seq.

[8] Art. 655 del Código Civil de Puerto Rico de 2020, *supra,* 31 LPRA § 7533.

defenderse.[9] Asimismo, el Artículo 656 de nuestro Código Civil dispone que "[c]uando el alimentista se vea compelido a acudir al tribunal o a iniciar un proceso administrativo para reclamar su derecho a los alimentos, la cuantía que se imponga al alimentante **incluirá una partida razonable para sufragar los gastos del litigio y los honorarios de abogados**".[10] (Énfasis Nuestro). Es decir, cuando el alimentante incumpla con su obligación alimentaria y compele al alimentista a reclamar sus derechos por vía judicial o administrativa, se le impondrá al alimentante una partida para cubrir los gastos de reclamación.

B. *Deferencia judicial en determinaciones de hechos*

Constituye norma trillada que, ante la ausencia de error manifiesto, prejuicio, parcialidad o pasión, los tribunales apelativos debemos abstenernos de intervenir para revisar la apreciación de la prueba, adjudicación de credibilidad o determinaciones de hechos formuladas por el Tribunal de Primera Instancia.[11] Esta deferencia judicial está predicada en que los jueces de las salas de instancia están en mejor posición para aquilatar la prueba testifical porque tienen la oportunidad de oír, ver y apreciar el comportamiento de los testigos.[12] Por otro lado, "si la apreciación de la prueba no representa el balance más racional, justiciero y jurídico de la totalidad de la prueba y cuando la evaluación se distancie de la realidad fáctica o esta es inherentemente imposible o increíble", los tribunales apelativos tendrán el deber ineludible de intervenir.[13]

---

[9] *Torres Rodríguez v. Carrasquillo Nieves, supra*, págs. 740-741; *Viera v. Morell*, 115 DPR 4, 14 (1983); *Conesa v. Corte*, 72 DPR 68, 72 (1951).
[10] Art. 656 del Código Civil de Puerto Rico de 2020, *supra*, 31 LPRA § 7534.
[11] *Ortiz Ortiz v. Medtronic Puerto Rico Operations, Co.*, 209 DPR 759, 778 (2022); *Santiago Ortiz v. Real Legacy Assurance Company, Inc.*, 206 DPR 194, 219 (2021).
[12] *Santiago Ortiz v. Real Legacy Assurance Company, Inc., supra*; *Meléndez Vega v. El Vocero de PR*, 189 DPR 123, 142 (2013).
[13] *Santiago Ortiz v. Real Legacy Assurance Company, Inc., supra*; *González Hernández*, 181 DPR 746, 777 (2011).

Ahora bien, cuando las conclusiones de hechos se fundamentan en evidencia documental o pericial, la norma establecida dicta que el tribunal revisor estará en igual posición que el tribunal sentenciador para evaluarla.[14] Bajo estas circunstancias, el tribunal apelativo tendrá la facultad de adoptar su propio criterio en la apreciación y evaluación de la prueba pericial, y hasta para descartarla, aunque resulte técnicamente correcta.[15]

### III

En su primer señalamiento de error, el apelante argumentó que el Tribunal de Primera Instancia erró al imponerle los gastos de litigio cuando no se presentó un memorando de costas conforme la Regla 44 de Procedimiento Civil[16] y al imponerle los honorarios de abogados cuando no se procedió con temeridad o frivolidad. No le asiste la razón.

En la *Sentencia Enmendada*, el Tribunal de Primera Instancia le impuso al apelante una cuantía de $3,000.00 en concepto de gastos de litigio y honorarios de abogado. Esta partida fue impuesta conforme a lo dispuesto en el Artículo 656 de nuestro Código Civil[17], cuyo estatuto exige que se incluya una partida razonable para sufragar los gastos del litigio y honorarios de abogados cuando el alimentista se vea obligado a reclamar su derecho a alimentos. Dicho estatuto no requiere la presentación de un memorando de costas y, en conjunto a lo establecido jurisprudencialmente, tampoco exige temeridad o frivolidad de la parte demandada.

La realidad del caso es que el Sr. Rivera Ortiz unilateralmente cesó el pago de pensión a la Sra. Rivera Santiago, sin solicitar el relevo de la pensión y bajo la errónea premisa de

---

[14] *Santiago Ortiz v. Real Legacy Assurance Company, Inc., supra.*
[15] *Id.*; *González Hernández, supra.*
[16] 32 LPRA Ap. V, R. 44.
[17] Art. 656 del Código Civil de Puerto Rico de 2020, *supra.*

que se extinguió automáticamente la obligación alimentaria. Así, a consecuencia de los actos del Sr. Rivera Ortiz, la Sra. Rivera Santiago tuvo que acudir al Tribunal de Primera Instancia para reclamar su derecho a los alimentos, por lo que nuestro ordenamiento jurídico claramente dispone que se incluirá una partida razonable para sufragar los gastos del litigio que incurrió en el pleito y los honorarios de abogados. Por tanto, el Tribunal de Primera Instancia no cometió el señalado error y actuó conforme a derecho.

Como segundo y tercer señalamiento de error, el apelante indicó que el foro primario erró al no incluir en sus determinaciones de hechos los gastos detallados de matrícula por trimestre, las ayudas económicas, préstamos estudiantiles, y los ingresos detallados de la demandante por su trabajo para la determinación y/o cómputo de la aportación del apelante. El apelante arguyó que, a pesar de que surge del expediente del caso y fue materia de prueba en el juicio en su fondo, el Tribunal de Primera Instancia no incluyó los referidos gastos e ingresos de manera detallada y se limitó a hacer determinaciones generales, por lo que desconoce específicamente qué elementos llevó al foro *a quo* a imponer una obligación alimentaria de $400.00.

No obstante, el apelante no alegó que hubo error manifiesto, prejuicio, parcialidad o pasión por parte del Tribunal de Primera Instancia y tampoco cuestionó la apreciación de la prueba o adjudicación de credibilidad. El apelante reconoció que el foro primario consideró la evidencia documental que obra en el expediente junto a la materia de prueba examinada en el juicio y que el tribunal hizo unas determinaciones de hechos sobre ello, aunque generales y no de forma detallada. En esencia, el apelante se limitó a indicar que el foro *a quo* no incluyó ciertas cuantías específicas en sus conclusiones de hechos.

Luego de un estudio concienzudo del expediente en su totalidad y de la prueba que la acompaña, resulta forzoso concluir que no hubo error manifiesto, prejuicio, parcialidad o pasión por el Tribunal de Primera Instancia. La apreciación de prueba representa un balance racional, justiciero y jurídico de la totalidad de la prueba y su evaluación no es una que se distanció de la realidad fáctica de manera inherentemente imposible. En ausencia de alegación o criterio jurisprudencial que active nuestro deber de intervenir, le debemos completa deferencia judicial a las conclusiones de hechos y apreciación de la prueba del Tribunal de Primera Instancia.

IV

Por los fundamentos antes expresados, las cuales hacemos formar parte de este dictamen, se confirma la *Sentencia Enmendada* apelada emitida por el Tribunal de Primera Instancia, Sala Superior de Ponce.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones